**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ODELL DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, *et al.,* <br><br> Defendants. | Case No. ED CV 15-1745 DMG (AFM) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On August 27, 2015, plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. In the caption of his Complaint, plaintiff lists as defendants the "Riverside County Sheriff's Depart., Lt. Burden, *et al.*" (Docket No. 1 at 1, 8.)[1] In the body of the Complaint, plaintiff names as defendants the Riverside County Sheriff, Stanley Sniff; Captain Mcnamara; Lieutenant Burden; Sergeant Watson;

---

[1] The Court references the electronic version of the Complaint because the document plaintiff filed does not have consecutive page numbers. Further, the Complaint contains two title pages and lists defendants in two places. Because plaintiff is proceeding *pro se* in this matter, the Court has considered the entire document as plaintiff's Complaint.

Sergeant Mungle; and Deputy Kuoha.  All defendants are alleged to be employed by the Riverside County Sheriff's Department, and some are named in their official as well as individual capacities.  (Docket No. 1 at 3-4, 9-11.)

Plaintiff alleges that, at the time of the relevant incidents, he was detained at the "Southwest Det. [sic] Center," an "institution of Riverside County" ("Jail"), and he was not "a convicted felon."  He is currently confined at the California Institution for Men in Chino.  (*Id.* at 9, 13-14.)  Plaintiff appears to raise a "Claim I" pursuant to the Fourth, Sixth, Eighth and Fourteenth Amendments (*id.* at 5), claims for negligence, sexual assault, battery (*id.* at 16), and a claim under the Fourteenth Amendment for a "denial of due process" (*id.* at 29).  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief ordering the Sheriff of Riverside County "to stop the present search policy as it relates to touching inmates [sic] private parts."  (*Id.* at 6, 8, 17, 31-32.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).  The Court's screening of the pleading under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true

and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that

the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than March 30, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

## DISCUSSION

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

First, irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. Pursuant to Fed. R. Civ. P. 10, the caption of the pleading must include all defendants listed in the body of the pleading. Here, the caption of the Complaint lists the Riverside County Sheriff's Department as a defendant, but plaintiff does not list that entity as a defendant in the Complaint, and he fails to include in the caption most of the individuals named as defendants in the body of the Complaint. In addition, plaintiff's Complaint includes two title pages and lists defendants in two areas. If plaintiff desires to proceed with this action, he must comply with Local Rules 11-3.1, 11-3.2, and 11-3.3 concerning the format of his pleading.

Second, plaintiff's Complaint references both federal constitutional rights and state law claims within the same "claim." However, in order to state a federal civil rights claim against a particular defendant for violation of his civil rights under § 1983, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis in original)). Accordingly, if plaintiff wishes to pursue this action, plaintiff should set forth a short and plain statement showing that each named defendant took an affirmative act, participated in another's affirmative act, or omitted to perform an act that caused a constitutional deprivation of which plaintiff complains.

Third, it is not clear to the Court how plaintiff's "Claim I" (Docket No. 1 at 5) relates to the other claims listed within the body of the Complaint (*id.* at 16, 29). Plaintiff references numerous legal grounds within this claim or claims including the Eighth Amendment, which does not apply to plaintiff if he had not been convicted of a crime. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (because plaintiff was a pretrial detainee and "had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"); *see also Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is

appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

Fourth, it appears that plaintiff's claims arise out of search policy at the Riverside County Jail that permits Jail officials to touch "inmates [sic] private parts." (Docket No. 1 at 13, 31-32.) Plaintiff, however, also sets forth factual allegations that he "suffered needlessly at the hands of a gay officer" (*id.* at 27), and that he was subjected to a sexual assault when Deputy Kuoha touched his genitals in an "unusual manner" (*id.* at 12-15). Accordingly, it is not clear whether plaintiff is challenging a search policy of the Jail that permits officials to touch a detainee's genitals, or whether he is alleging that Deputy Kuoha violated the Jail's search policy when he searched plaintiff. Plaintiff does not allege that any search pursuant to the Jail's policy was conducted in a non-hygienic or painful manner. *Bell*, 441 U.S. at 560 (noting that a visual body-cavity search on a pretrial detainee may not be conducted in an abusive fashion); *see also Michenfelder v. Sumner*, 860 F.2d 328, 330-333 (9th Cir. 1988) (holding that routine visual body cavity searches of inmates did not violate the Fourth and Eighth Amendments). Accordingly, to the extent that plaintiff is challenging a search policy of the Jail, his factual allegations fail to raise a reasonable inference that the policy was not reasonably related to a legitimate penological interest. *See, e.g., Florence v. Bd. of Chosen Freeholders,* 132 S. Ct. 1510, 1518 (2012) ("The Court has held that deference must be given to the officials in charge of the jail unless there is 'substantial evidence' demonstrating their response to the situation is exaggerated."); *Bull v. City & County of San Francisco*, 595 F.3d 964, 971-74 (9th Cir. 2010) (*en banc*) (setting forth factors relevant to reasonableness of pretrial detention search or search policy, including whether it was reasonably related to legitimate penological interests).

Fifth, although it is unclear what claim or claims plaintiff purports to raise against each named defendant, it appears that he is seeking to hold Sheriff Sniff, Captain McNamara, Lieutenant Burden, Sergeant Watson, and Sergeant Mungle

liable based solely on their supervisory roles. (*See* Docket No. 1 at 9-10, 27-28.) However, the Supreme Court has emphasized that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Rather, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). In his Complaint, plaintiff fails to set forth a short and plain statement of the actions that he alleges each supervisory defendant took that violated a right secured by the United States Constitution.

For these reasons, it is altogether unclear to the Court what federal civil rights claims plaintiff is purporting to raise, which defendants he is purporting to raise what claims against, and what the legal and factual basis of each of plaintiff's claims may be. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims

against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the Complaint fails to comply with Rule 8.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than March 30, 2016, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: February 24, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE