# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODELL DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, *et al.,*<br><br>　　　　Defendants. | Case No. ED CV 15-1745 DMG (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

　　　　On August 27, 2015, plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. In the Complaint, plaintiff named as defendants the Riverside County Sheriff's Department; the Riverside County Sheriff, Stanley Sniff; Captain McNamara; Lieutenant Burden; Sergeant Watson; Sergeant Mungle; and Deputy Kuoha. All defendants were alleged to be employed by the Riverside County Sheriff's Department, and some were named in their official as well as individual

capacities. (Docket No. 1 at 1 3-4, 9-11.)[1] Plaintiff alleged that, at the time of the relevant incidents, he was detained at the "Southwest Det. [sic] Center," an "institution of Riverside County", and he was not "a convicted felon." He is currently confined at the California Institution for Men in Chino. (*Id.* at 9, 13-14.) Plaintiff appeared to raise a single "Claim I" pursuant to the Fourth, Sixth, Eighth, and Fourteenth Amendments, as well as for negligence, sexual assault, and battery. In addition to compensatory and punitive damages, plaintiff prayed for injunctive relief ordering the Sheriff of Riverside County "to stop the present search policy as it relates to touching inmates [sic] private parts." (*Id.* at 6, 8, 17, 31-32.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the Complaint prior to ordering service for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief may be granted; or sought monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Following careful review of the Complaint, the Court found that its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, on February 24, 2016, the Complaint was dismissed with leave to amend, and plaintiff was ordered, if he wished to pursue the action, to file a First Amended Complaint no later than March 30, 2016. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of his pleading, the Court would recommend that this action be dismissed without leave to amend and with prejudice.

---

[1] The Court references the electronic version of the pleadings because the documents plaintiff filed do not have consecutive page numbers. Further, the Complaint contained two title pages and listed defendants in two places. Because plaintiff is proceeding *pro se* in this matter, the Court considered the entire document as plaintiff's Complaint.

Following an extension of time, plaintiff filed a First Amended Complaint ("FAC") on April 20, 2016. The FAC names as defendants Deputy Kuoha, Sergeant Mungle, Sergeant Watson, and Lieutenant Burden. All defendants are named in their individual capacities. (Doc. No. 9 at 4-5.) Plaintiff seeks monetary damages. (*Id.* at 8-9, 11, 14.)

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review of the FAC under the foregoing standards, the Court finds that plaintiff's allegations remain insufficient to state any claim on which relief may be granted. Accordingly, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than June 10, 2016, remedying the deficiencies discussed in this order.** Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your First Amended Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not

## DISCUSSION

Plaintiff's FAC once again fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint

---

required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

First, plaintiff's FAC continues to reference several state and federal legal grounds in his single "Claim I." In order to state a federal civil rights claim against a particular defendant for violation of his civil rights under § 1983, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis in original)). Allegations that a defendant violated state law or failed to comply with jail policies do not give rise to any federal civil rights claim. Accordingly, plaintiff's allegations that a jail official committed battery or acted negligently are insufficient to allege that the official deprived plaintiff of a federal constitutional right. Plaintiff, however, may be able to state a due process claim pursuant to the Fourteenth Amendment against Deputy Kuoha for sexual abuse if plaintiff sets forth a short and plain statement of such a claim and factual allegations giving rise to a reasonable inference that no penological purpose was served by the scope of the pat-down search conducted by Deputy Kuoha. *See, e.g., Wood v. Beauclair*, 692 F.3d 1041, 1046, 1050-51 (9th Cir. 2012) (sexual harassment or abuse of an inmate by a correctional employee violates the Constitution if it serves no legitimate penological purpose).[3]

---

[3] Because plaintiff appears to allege that he was a pretrial detainee at the relevant time, the Fourteenth Amendment rather than the Eighth Amendment applies to plaintiff's claims. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979)

Second, plaintiff's "Claim I" includes several references to the Prison Rape Elimination Act ("PREA") and purports to allege that plaintiff's right to be free from sexual abuse pursuant to the PREA was violated (*See* Doc. No. 9 at 6-7, 9, 12.) The PREA, however, does not give rise to a private cause of action. *See Krieg v. Steele*, 599 F. Appx 231, 232 (5th Cir. 2015) (citing cases), *cert. denied*, 136 S. Ct. 238 (2015); *Bell v. County of Los Angeles*, 2008 U.S. Dist. Lexis 74763, 2008 WL 4375768, at *6 (C.D. Cal. Aug 25, 2008) (the Prison Rape Elimination Act "does not create a private right of action"). The PREA authorizes the reporting of incidents of rape and sexual abuse in prison, but it does not give rise to a private cause of action by a prisoner. *See, e.g., Porter v. Jennings*, 2012 U.S. Dist. Lexis 58021, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 24, 2012).

Third, plaintiff's FAC continues to reference several legal grounds for a federal civil rights claim within "Claim I," including the Fourth Amendment's right to privacy, the Fourteenth Amendment's Equal Protection Clause, a failure to supervise, a failure to train, a failure to protect, and deliberate indifference. It appears that plaintiff's claim(s) arises out of search policy at the Riverside County Jail that permits jail officials to touch an inmate's "private parts." (Doc. No. 9 at 12.) Plaintiff alleges that he was subjected to a sexual assault on June 6, 2014, when Deputy Kuoha performed a clothed, pat-down search of plaintiff as well as of the rest of a group of 7 inmates. Plaintiff alleges that Deputy Kuoha fondled plaintiff's penis and genitals while searching plaintiff's groin area. Plaintiff both alleges that "no such policy of Riverside County Jails" permits such searches (*id.* at 7), and that Deputy Kuoha, Sergeant Watson, and Lieutenant Burden all told plaintiff that the method used by Deputy Kuoha was how they had been trained to

---

(noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

search (*id.* at 7, 9, 12). Further, although plaintiff contends that the actions of Deputy Kuoha violated plaintiff's Equal Protection rights (*id.* at 6-7), he also alleges that Deputy Kuoha "searched each of the 7 inmates in the same fashion" (*id.* at 7). Accordingly, because plaintiff appears to be alleging that he was searched in a manner that was in accordance with the method used on all detainees by the Riverside County Jails, plaintiff's current factual allegations are insufficient to allege a claim against Deputy Kuoha, or any other defendant, under the Equal Protection Clause of the Fourteenth Amendment.

Fourth, it is not clear whether plaintiff is purporting to challenge a search policy of the jail that permits jail officials to touch a detainee's genitals during a pat-down search, or whether he is alleging that Deputy Kuoha violated the jail's search policy when he searched plaintiff, as well as the other members of plaintiff's group. Plaintiff does not allege that any search was conducted in a non-hygienic or painful manner. *Bell*, 441 U.S. at 560 (noting that a visual body-cavity search on a pretrial detainee may not be conducted in an abusive fashion); *see also Michenfelder v. Sumner*, 860 F.2d 328, 330-333 (9th Cir. 1988) (holding that routine visual body cavity searches of inmates did not violate the Fourth and Eighth Amendments). Accordingly, to the extent that plaintiff is alleging that a particular search policy of the jail violates the federal constitutional rights of detainees, his current factual allegations fail to raise a reasonable inference that the policy was not reasonably related to a legitimate penological interest. *See, e.g., Florence v. Bd. of Chosen Freeholders,* 132 S. Ct. 1510, 1518 (2012) ("The Court has held that deference must be given to the officials in charge of the jail unless there is 'substantial evidence' demonstrating their response to the situation is exaggerated."); *Bull v. City & County of San Francisco*, 595 F.3d 964, 971-74 (9th Cir. 2010) (*en banc*) (setting forth factors relevant to reasonableness of pretrial detention search or search policy, including whether it was reasonably related to legitimate penological interests).

Fifth, although it is unclear what claim(s) plaintiff is purporting to raise against each defendant, he may be seeking to hold Lieutenant Burden, Sergeant Watson, and Sergeant Mungle liable based solely on their supervisory roles. However, the Supreme Court has emphasized that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Rather, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). The Ninth Circuit has held that, at least in some cases, *Iqbal* does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *See Starr*, 652 F.3d at 1207. Thus, under *Starr*, 652 F.3d at 1207-08 (internal citations omitted, alterations and internal quotation marks in original):

> A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.
> The requisite causal connection can be established … by setting in motion a series of acts by others," or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for

>conduct that showed a reckless or callous indifference to the rights of others.

Accordingly, to the extent that plaintiff is purporting to hold any of the supervisory defendants liable on a theory that a defendant failed to adequately train his or her employees on constitutional searches, plaintiff must set forth a short and plain statement of the defendant's own culpable action or inaction in training, or of the supervisor's knowing acquiescence in a constitutional deprivation.

For these reasons, it is unclear to the Court what federal civil rights claims plaintiff is purporting to raise, which defendants he is purporting to raise what claims against, and what the legal and factual basis of each of plaintiff's federal civil rights claims may be. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the FAC liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the FAC still fails to comply with Rule 8 and fails to state a claim on which relief may be granted.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than June 10, 2016, remedying the pleading deficiencies discussed in this order.**  The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint, the First Amended Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: 4/25/2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE